E-FILED
Monday, 27 December, 2021  11:20:09 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **JAMY SUE PERKINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 20-CV-3267** |
| | ) | |
| **JOHNSON & JOHNSON and** | ) | |
| **ETHICON, Inc.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Johnson & Johnson's and

Defendant Ethicon, Inc.'s (collectively, Defendants) Motion to

Dismiss (d/e 12) Plaintiff Jamy Sue Perkins' Complaint (d/e 1).

Plaintiff's claims in Counts I, II, and X plausibly state injuries for

which relief may be granted under Federal Rule of Civil Procedure

12(b)(6), while Counts III, IV, V, VI, VII, VIII, IX, and XI do not.

Therefore, Defendant's motion is GRANTED in part and DENIED in

part.

## I.  BACKGROUND

Defendants have filed their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  When considering a motion under Rule 12(b)(6), the Court "construe[s] [the complaint] in the light most favorable to the nonmoving party, accept[ing] well-pleaded facts as true, and draw[ing] all inferences in [the party's] favor."  Bell v. City of Chicago, 835 F.3d 736, 738 (7th Cir. 2016) (citing Reynolds v. CB Sports Bar, Inc., 623 F.3d 1143, 1146 (7th Cir. 2010)).  Using this standard, the allegations in the Complaint are considered below.

Plaintiff Jamy Sue Perkins filed her Complaint (d/e 1) against Defendants Johnson & Johnson and Ethicon, Inc on October 6, 2020.  Plaintiff alleges various product liability and negligence and personal injury claims against Defendants stemming from injuries Plaintiff sustained after she had a prescription medical device surgically implanted in her body on October 21, 2016.  The device, called a TVT-O, was implanted to treat stress urinary incontinence (SUI).  The TVT-O was designed, manufactured, packaged, labeled, and sold by Defendants.  Once the TVT-O was implanted, Plaintiff alleges she suffered extreme pain, mesh erosion, and other injuries

which would not have occurred but for the TVT-O's allegedly

defective nature and Defendants' wrongful conduct.  Eventually,

Plaintiff had the TVT-O surgically removed on March 17, 2017.

On October 6, 2020, Plaintiff filed her Complaint.  In it,

Plaintiff alleges the injuries she experienced amount to eleven

Counts of product liability and personal injury.  Specifically,

Plaintiff alleges one Count of negligence, one Count of defective

design, one Count of defective manufacturing, one Count of failure

to warn, one Count of common law fraud, one Count of constructive

fraud, one Count of breach of an express warranty, one Count of

breach of implied warranty, one Count of "Discovery Rule, Tolling,

and Fraudulent Concealment," and one Count of "Punitive

Damages."  Defendants filed the instant Motion to Dismiss (d/e 12)

on April 19, 2021.

## II.   ANALYSIS

Defendants first argue that Illinois' two-year statute of

limitations for personal injury and product liability cases, codified

at 735 ILCS 5/13-202 & 213(d), applies to each of Plaintiff's claims.

Defendants argue that Plaintiff's case is, therefore, time-barred

because Plaintiff filed her Complaint more than two years after

Plaintiff had the TVT-O removed.  Plaintiff concedes that the two-year bar applies to each claim but argues that the two-year statute did not begin tolling until "a date within the applicable statute of limitations for filing Plaintiff's claims."  Pl.'s Opp. (d/e 15) p. 3 (quoting Compl. (d/e 1) at ¶ 146).  Defendants point to Plaintiff's alleged date of discovery as too indefinite to pass muster under analysis of Illinois' statute of limitations law.  In response, Plaintiff argues that Defendants' objections regarding the statute of limitations are, themselves, untimely brought at the motion to dismiss stage.

Statute of limitations defenses, like those Defendants argue here, are affirmative defenses which Plaintiffs are not required to anticipate or plead around in federal court.  Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc., 782 F.3d 922, 928 (7th Cir. 2015) (quoting Cancer Found., Inc. v. Cerberus Capital Mgmt., LP, 559 F.3d 671, 674 (7th Cir. 2009) ("Dismissing a complaint as untimely at the pleading stage is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations.") This is because conclusions regarding statutes of limitations defenses "typically turn on facts

not before the court at" the motion to dismiss stage.  Id. (quoting

Brownmark Films, LLC v. Comedy Partners, 682 F.3d 687, 690 (7th

Cir. 2012)).  Defendants insist that Plaintiff has alleged facts

sufficient to establish the statute of limitations defense and, as a

result, effectively pled herself out of court because she gave an

indefinite date in her Complaint.  Def.'s Mot. (d/e 13) at p. 4 (citing

Hollander v. Brown, 457 F.3d 688, 692 n.1 (7th Cir. 2006).

   However, dismissal at the pleading stage is appropriate "only

where the allegations of the complaint itself set forth everything

necessary to satisfy the affirmative defense."  Abbott, 782 F.3d at

928 (quoting Chi. Bldg. Design, P.C. v. Mongolian House, Inc., 770

F.3d 610, 613–14 (7th Cir.2014)).  "As long as there is a conceivable

set of facts, consistent with the complaint, that would defeat a

statute-of-limitations defense, questions of timeliness are left for

summary judgment (or ultimately trial), at which point the district

court may determine compliance with the statute of limitations

based on a more complete factual record."  Id.  Indeed, "[u]nless the

complaint alleges acts that create an ironclad [statute of limitations]

defense, a limitations argument must await factual development."

Foss v. Bear, Stearns & Co., Inc., 394 F.3d 540, 542 (7th Cir.

2005).  A pleading which would create an ironclad defense, for

example, would be an allegation that a plaintiff's injuries occurred

on a specific date outside the statute of limitations period.

In contrast, Plaintiff has alleged that she discovered her injury

within the two-year statute of limitations period required under

Illinois law.  Compl. ¶ 146.  That allegation answers the question of

"whether there is *any* set of facts that if proven would establish a

defense to the statute of limitations" in the affirmative.  Clark v.

City of Braidwood, 318 F.3d 764, 767 (7th Cir. 2003) (emphasis in

original); see also Early v. Bankers Life & Cas. Co., 959 F.2d 75, 80

(7th Cir. 1992) ("[W]hen a complaint is dismissed at the pleadings

stage the question is not what are the facts, but is there a set of

facts that if proved would show that the case had merit?")  While

the indefinite date given in the Complaint raises more questions

than it answers, a more complete factual record is necessary before

the Court can determine whether Plaintiff's suit is untimely.  At this

stage, Plaintiff's allegations do not "create an ironclad defense," and

so Defendants' "limitations argument must await factual

development."  Foss, 394 F.3d at 542.

### a. Counts III, IV, V, VI, VII, VIII, IX, and XI of Plaintiff's Complaint do not allege sufficient facts to support the claims made therein and are, therefore, dismissed without prejudice.

Defendants next argue that each of Plaintiff's product liability and personal injury claims should be dismissed because the claims fail the pleading standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure.

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint. Christensen v. Cnty. of Boone, Ill., 483 F.3d 454, 458 (7th Cir. 2007). To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing she is entitled to relief and giving the defendants fair notice of the claims. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008). While the facts of the complaint are accepted as true and viewed in the light most favorable to the plaintiff, courts "are not bound to accept as true legal conclusions couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. Still,

the plaintiff need only provide "enough detail to give the defendant

fair notice of what the claim is and the grounds upon which it rests,

and, through his allegations, show that it is plausible, rather than

merely speculative, that he is entitled to relief." Tamayo, 526 F.3d

at 1083.

Following Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938),

the Court, while sitting in diversity pursuant to 28 U.S.C. § 1332,

applies Illinois statutory and case law when analyzing each of

Plaintiff's personal injury and product liability claims.

i.      *Count II: Design Defect*

To state a claim of strict product liability for a design defect

under Illinois law, a plaintiff need only plead (1) that the injury

resulted from a condition of the product, (2) the condition was

unreasonably dangerous, and (3) the condition existed at the time

the product left the manufacturer's control.  Mikolajczyk v. Ford

Motor Co., 231 Ill.2d 516, 525 (Ill. 2008).  A plaintiff may prove a

product is unreasonably dangerous by showing either "a physical

defect in the product itself, a defect in the product's design, or a

failure of the manufacturer to warn of the danger or to instruct on

the proper use of the product."  Id.  In order to meet the pleading

standards of Rule 12(b)(6), a plaintiff must "plead facts that show

*how* the [product] was so defective in either its manufacturing or

design as to make it unreasonably dangerous, or why the

[product's] package warnings were inadequate to warn Plaintiff of

any alleged unreasonable danger." Corwin v. Conn. Valley Arms,

Inc. 74 F.Supp.3d 883, 890–91 (N.D. Ill. Nov. 17, 2014).

Here, Plaintiff has so pled.  In her Complaint, Plaintiff claims

that the TVT-O was designed in a myriad of ways which, Plaintiff

claims, rendered the TVT-O unreasonably dangerous and defective.

For example, Plaintiff states, inter alia, that the use of

polypropylene in the TVT-O causes injuries and that the design of

the TVT-O increases the risk that it would have increased

propensities to shrink and contract.  Moreover, that the TVT-O

would shrink and contract in an area of the body with high

bacteria, Plaintiff claims, also makes it unreasonably dangerous.

Additionally, Plaintiff alleges the date she received the TVT-O,

Compl. at ¶ 22, and that the TVT-O caused both the complications

she experienced thereafter and her injuries, id. at ¶ 26–28.  These

allegations adequately provide a short and plain statement of

Plaintiff's claims and provide Defendants with fair notice of the

claims against them.  Therefore, Defendants' motion to dismiss is denied as to Plaintiff's design defect claims in Count II.

  ii.     *Count III: Manufacturing Defect*

Plaintiff also alleges Defendant defectively manufactured the TVT-O.  "A manufacturing defect occurs when one unit in a product line is defective."  Salerno v. Innovative Surveillance Tech., Inc., 402 Ill.App.3d 490, 497 (1st Dist. 2010).  As Defendants point out, and Plaintiff concedes, the Complaint does not allege any facts which would establish that the particular TVT-O Plaintiff received contained a manufacturing defect which differentiated it from other products in the same line.  Plaintiff's allegations, then, are insufficient to state a claim of manufacturing defect under Illinois law.  Therefore, Plaintiff's manufacturing defect claim in Count III of her Complaint is dismissed without prejudice.

  iii.    *Count IV: Failure to Warn*

Defendants next challenge the sufficiency of Plaintiff's failure to warn claims in Count IV of Plaintiff's Complaint.  Under Illinois law, a plaintiff must show that the manufacturer had a duty to warn of a defect, that the manufacturer knew or should have known the risk that the product would cause the injury, that the

manufacturer failed to warn of the risk, that such a failure made any other warning inadequate, and that the absent or inadequate warning proximately caused the injury suffered.  Northern Tr. Co. v. Upjohn Co., 213 Ill.App.3d 390, 401 (1st Dist. 1991).  "Generally, the manufacturer of a prescription medical device has a duty to warn prescribing physicians or other health professionals who may prescribe the device of the product's known dangerous propensities."  Hansen v. Baxter Healthcare Corp., 198 Ill.2d 420, 430 (Ill. 2002).  Significantly, the plaintiff must allege that, had the plaintiff's healthcare professionals been adequately warned, they would not have prescribed or recommended or used the product. See Northern Tr. Co., 213 Ill.App.3d at 402; Vaughn v. Ethicon, Inc., 2020 WL 5816740, at *4 (Sept. 30, 2020) ("Stated another way, the plaintiff must be able to prove that if there had been a proper warning, the learned intermediary . . . would have declined to prescribe or recommend the product.")

Plaintiff has not adequately pleaded a failure to warn claim under Illinois law.  While Plaintiff does allege that Defendants breached their duty to warn Plaintiff and her physician, Compl. at ¶ 34, and that such warnings may have "affected" her physician's use

of the TVT-O, id. at ¶ 45, Plaintiff does not allege that her physician would not have recommended or used the TVT-O had she been properly warned.  Instead, Plaintiff only alleges that *she* would not have "purchased, used, consented to or relied on" the TVT-O.  Such allegations do not address whether the physician who implanted the TVT-O would have still recommended or used the TVT-O had the physician been adequately warned of the alleged dangerousness of the product.  Therefore, Plaintiff's failure to warn claim in Count IV is dismissed without prejudice.

   *iv.    Counts I and X: Negligence and Gross Negligence*

   To prove product liability based on negligence in Illinois, a plaintiff must allege facts that establish "the existence of a duty of care owed by the defendant, a breach of that duty, an injury that was proximately caused by that breach, and damages."  Calles v. Scripto-Tokai Corp., 224 Ill.2d 247, 263 (Ill. 2007).  In addition to the issue of the product's condition, "[t]he crucial question in a negligent-design case is whether the manufacturer exercised reasonable care in the design of the product."  Id. at 263–64.  So, to state a claim of negligent design, Plaintiff must plead facts alleging fault in addition to the elements of defective design.

As already discussed, Plaintiff has adequately pleaded facts alleging defective design in strict liability in Illinois law.  The only question is whether Plaintiff has also adequately alleged fault.  She has.  In her Complaint, Plaintiff alleges that Defendants "have known and continue to know that some of the predicate products for their pelvic mesh products," such as the TVT-O, "had high failure and complication rates."  Compl. at ¶ 150.  Plaintiff also alleges that Defendants "had sole access to material facts concerning the defective nature" of the TVT-O.  Id. at ¶ 152. Finally, Plaintiff states that her injuries, including additional surgery and other additional medical treatment, were both directly and proximately caused by the Defendants' negligence.  Put together, the allegations set forth in Plaintiff's negligence claims adequately raise a "reasonable inference that the defendant is liable for the misconduct alleged," namely, that Defendants did not exercise reasonable care in the design of the product.  Iqbal, 556 U.S. at 678.  Therefore, Defendants' motion to dismiss Counts I and X of Plaintiff's Complaint is denied.

      *v.*    *Counts V and VI: Fraud and Constructive Fraud*

Count V and VI state claims of fraud and constructive fraud.

Both fraud and constructive fraud claims are subject to the

heightened pleading standards of Federal Rule of Civil Procedure

9(b), which mandates that "a party must state with particularity the

circumstances constituting fraud or mistake," but "[m]alice, intent,

knowledge, and other conditions of a person's mind may be alleged

generally."  The plaintiff must "state the identity of the person who

made the misrepresentation, the time, place and content of the

misrepresentation, and the method by which the misrepresentation

was communicated to the plaintiff."  Vicom, Inc. v. Harbridge

Merch. Servs., Inc., 20 F.3d 771, 777 (7th Cir. 1994).

Here, Plaintiff does not sufficiently allege circumstances to

meet this heightened Rule 9(b) standard.  Instead, Plaintiff

allegations are stated in general terms.  For instance, Plaintiff

alleges that Defendants "falsely and fraudulently represented and

continue to represent to the medical and healthcare community

[and] Plaintiff" that the TVT-O had been tested and found to be safe.

Compl. at ¶ 91.  However, such statements are missing the

particulars of the individual making the misrepresentation as well

as the time, place, and method in which the misrepresentation was

made.  As a result, Plaintiff's fraud and constructive fraud claims

do not meet the enhanced pleading standard of Rule 9(b) and

Counts V and VI are dismissed without prejudice.

>    *vi.    Counts VII and VIII: Breach of Implied and Express*
>    *Warranties*

Plaintiff's claims of breaches for implied and express

warranties are similarly dismissed.  Under Illinois law, "[t]o state a

claim for breach of implied warranty of fitness for a particular

purpose, plaintiffs 'must allege that (1) the seller had reason to

know of the particular purpose for which the buyer required the

goods; (2) the buyer relied on the seller's skill and judgment to

select suitable goods; and (3) the seller knew of the buyer's reliance

on its skill and judgment.'"  In re McDonald's French Fries Litig.,

503 F.Supp.2d 953, 957 (N.D. Ill. 2007) (quoting Indus. Hard

Chrome Ltd v. Hetran, Inc., 64 F.Supp.2d 741, 746 (N.D. Ill. 1999)).

Additionally, the plaintiff must allege that the product was used in

a manner outside its ordinary intended use.  See 810 ILCS 5/2-

315.

To state a claim for breach of the implied warranty of

merchantability, a plaintiff must allege facts which establish that

the product is "not fit for the ordinary purposes for which such

goods are used."  810 ILCS 5/2-314.  Additionally, the implied

warranty of merchantability is breached "only if the defect in the

goods existed when the goods left the seller's control."  <u>Lipinski v.</u>

<u>Martin J. Kelly Oldsmobile, Inc.</u>, 325 Ill.App.3d 1139, 1150 (1st

Dist. 2001).

Finally, under Illinois law, an express warranty is created by

"[a]ny affirmation of fact or promise made by the seller to the buyer

which relates to the goods and becomes part of the basis of the

bargain."  810 ILCS 5/2-313(a).  So, to sufficiently plead a breach of

an express warranty, a plaintiff must allege that a defendant seller

made an affirmation of fact or promise which formed part of the

basis of the bargain.  <u>Oggi Trattoria & Caffe, Ltd. V. Isuzu Motors</u>

<u>Am., Inc.</u>, 372 Ill.App.3d 354, 360 (1st Dist. 2007).

In this case, Plaintiff has not stated a claim for a breach of

either an express or implied warranty.  Plaintiff cites <u>Elward v.</u>

<u>Electrolux Home Products, Inc.</u> to argue that "whether express or

implied warranties have been breached involves 'disputed issue[s] of

fact that cannot be resolved at this [motion to dismiss] stage.'"  Pl.'s

Br. (d/e 15) p. 13 (quoting <u>Elward</u>, 264 F.Supp.3d 877, 886 (N.D.

Ill. 2017).  However, in reality, Elward states that "the alleged unconscionability of the warranty provisions" in that case involved "a disputed issue of fact that cannot be resolved at" the motion to dismiss stage.  Elward, 264 F.Supp.3d at 886.  Elward does not state that all issues regarding whether warranties have been breached can never be resolved at the motion to dismiss stage.

More importantly, Plaintiff's Complaint does not allege facts sufficient to plead breaches of either implied warranties or express warranties.  First, Plaintiff does not allege that the TVT-O was used for a purpose outside its ordinary intended use, and so her claim of breach of an implied warranty for fitness for a particular purpose must fail.  See 810 ILCS 5/2-315.  Plaintiff's claim of breach of an implied warrant of merchantability is similarly defecient because her Complaint only offers recitations of elements of law and does not mention facts supporting any allegation that a defect in the TVT-O existed when it left Defendants' control, never mind the fact that the Complaint alleges violations of "Common Law principles and the statutory provisions of the State of *Virginia*" rather than the law of Illinois.  Compl. at ¶ 141 (emphasis added).  Finally, Plaintiff only alleges vague references to "assurances," "misrepresentations,"

and "representations" made by Defendants to Plaintiff and

healthcare professionals without specifying any express affirmation

of fact or promise which would form the basis of a bargain between

Defendants and Plaintiff.  Without that foundation, Plaintiff's

breach of an express warranty claim does not rise to the standard

required by Rule 12(b)(6).  Therefore, each of Plaintiff's claims of

express and implied warranties in Counts VII and VIII are dismissed

without prejudice.

> vii.   *Counts IX and XI: "Discovery Rule, Tolling, and Fraudulent Concealment" and Punitive Damages*

Defendants lastly challenge the sufficiency of Plaintiff's

Complaint regarding Counts IX and XI, which are captioned

"Discovery Rule, Tolling, and Fraudulent Concealment" and

"Punitive Damages" respectively.  However, the parties do not

dispute that neither the "legal principles" stated in Count IX nor the

punitive damages requested in Count XI consist of legal claims for

which relief may be granted.  See Vincent v. Alden-Park Strathmoor,

Inc., 241 Ill.2d 495, 504 (Ill. 2011) ("Of course, a prayer for punitive

damages is not, itself, a cause of action.  Punitive damages are

merely a type of remedy.")  Instead, Plaintiff merely asserts that the

"legal principles" stated in Count IX and punitive damages generally should apply to her case.  Pl.'s Br. (d/e 15) at p. 14.  Because neither Count IX nor Count XI state a legal claim on which relief may be granted, those claims are dismissed.

### III.   CONCLUSION

For the forgoing reasons, Defendants' Motion to Dismiss (d/e 12) is GRANTED in part and DENIED in part.  Counts III, IV, V, VI, VII, VIII, IX, and XI are dismissed without prejudice.  While the Court dismisses those Counts, Plaintiff is given 21 days from the date of this Order to file an Amended Complaint addressing the deficiencies identified.

**IT IS SO ORDERED.**
**ENTERED:  December 23, 2021**
**FOR THE COURT:**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**